IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SIDNEY MARTS,
      Petitioner,

vs.                                          Case No.: 3:16cv453/LAC/EMT

JULIE JONES,
      Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on an amended petition for writ of habeas corpus filed by Petitioner under 28 U.S.C. § 2241 (ECF No. 6).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C) and Fed. R. Civ. P. 72(b).  After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the undersigned that the record before the court shows that the petition should be summarily dismissed.

I.       BACKGROUND AND PROCEDURAL HISTORY

Petitioner is an inmate of the Florida Department of Corrections currently confined at Cross City Work Camp in Cross City, Florida.  Petitioner is in custody pursuant to a September 3, 2008 judgment and sentence of the Circuit Court for Escambia County, Florida in Case No. 2007-CF-6067, having been convicted of fraudulent use of personal identification information, uttering a forged instrument, grand theft, and resisting an officer without violence.  Petitioner seeks habeas relief on the ground that the state courts' imposition of restrictions on his post-conviction filings constitutes fraud, and this federal court's enforcement of federal restrictions on the filing of successive habeas petitions constitutes a "cover up" of that fraud and suspension of the writ, in violation of Article I, § 9 of the Constitution (ECF No. 6 at 5–6, 14).[1]  Petitioner asserts that his habeas petition does not challenge his convictions or sentence, but instead "defective federal & state process that has suspended the habeas corpus at both levels without justification" (*id.* at 15; *see also id.* at 1).

II.   ANALYSIS

---

[1] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those Petitioner may have assigned.

Case No.: 3:16cv453/LAC/EMT

As an initial matter, although Petitioner labels his request for habeas relief as arising strictly under 28 U.S.C. § 2241, this action is also governed by 28 U.S.C. § 2254, because Petitioner is "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a); Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003) (holding that a state prisoner in custody pursuant to a state court criminal conviction has a single habeas corpus remedy, governed by § 2241 and § 2254, and that "if a state prisoner is 'in custody pursuant to the judgment of a State court,' his petition is subject to § 2254.").  Under § 2254, "an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court [shall be entertained] only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

Petitioner's assertion of fraud by the state courts relates to the state courts' limitation on his filings in collateral review proceedings.  This claim is not cognizable on federal habeas review because it represents an attack on proceedings or actions collateral to his confinement and not the confinement itself.  *See, e.g.*, Alston v. Dep't of Corr., Fla., 610 F.3d 1318, 1326 (11th Cir. 2010) (holding that habeas petitioner's challenge to state post-conviction proceeding—the state court's ruling that the

petitioner waived his state collateral proceedings—was not cognizable on federal habeas review).[2]

Additionally, the Supreme Court has rejected Petitioner's argument that this court's enforcement of the statutory restriction upon the filing of second or successive habeas petitions constitutes a suspension of the writ in violation of Article I, § 9 of the Constitution.  *See* Felker v. Turpin, 518 U.S. 651, 664, 116 S. Ct. 2333, 135 L. Ed. 2d 827 (1996) ("The added restrictions which the [AEDPA] places on second or successive petitions are well within the compass of this evolutionary process, and we hold that they do not amount to a 'suspension' of the writ contrary to Article I, § 9.").

Because Petitioner cannot proceed on the claims raised in his habeas petition, this action should be dismissed.

---

[2] The Eleventh Circuit explained in Alston:

> Federal habeas relief is available to remedy defects in a defendant's conviction and sentence, but "an alleged defect in a collateral proceeding does not state a basis for habeas relief."  Quince v. Crosby, 360 F.3d 1259, 1262 (11th Cir. 2004); *see also* Carroll v. Sec'y, DOC, 574 F.3d 1354, 1365 (11th Cir. 2009) (collecting cases).  There is a valid reason behind this principle:  "[A] challenge to a state collateral proceeding does not undermine the legality of the detention or imprisonment—i.e., the conviction itself—and thus habeas relief is not an appropriate remedy." Carroll, 574 F.3d at 1365.  Furthermore, such challenges often involve issues of state law, and "[a] state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved."  McCullough v. Singletary, 967 F.2d 530, 535 (11th Cir. 1992).

*Id.* at 1325–26.

III.    CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of  Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party

may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.      That the amended habeas petition (ECF No. 6) be **DISMISSED**.

2.      That a certificate of appealability be **DENIED**.

3.      That the clerk of court be directed to enter judgment accordingly and close the file.

At Pensacola, Florida, this 20th day of October 2016.


/s/ Elizabeth M. Timothy
**ELIZABETH M.  TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**